# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| PAMELA SWAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV619-003 |
| | ) | |
| JUDGE JAY STEWART, SHERIFF | ) | |
| KYLE SAPP, TATNALL COUNTY | ) | |
| COMM'RS, HARVEY WEINSTEIN, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Proceeding *pro se* and *in forma pauperis*, Pamela Swain seeks review of the state Superior Court's denial of her request for a restraining/protective order against beleaguered movie producer Harvey Weinstein. Doc. 1 at 3-4 (explaining that, among other things, Weinstein has "stalk[ed] and attack[ed] me personally" since November 2013 and has the Sheriff's office "under his 'control'"). She seeks a "3 year protective order against Harvey Weinstein" and 7 million dollars in compensation, apparently jointly and severally against all defendants. *Id*. at 5. In cases, like this one, where the plaintiff is proceeding *in forma pauperis*, *see* doc. 3, the Court is required to screen each case, and must dismiss it at any time if the Court determines either that the allegation of

poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To the extent that her Complaint seeks review of the state court's denial of relief, it must be dismissed, as there is no basis for federal jurisdiction over it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Relevantly here, this Court is not empowered to sit as an appellate court to review the decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644, n. 3 (2002) ("… 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments"). The only federal court that can review judgments entered by a state court in civil litigation is the Supreme Court of the United States. *See* 28 U.S.C. § 1257. Lower federal courts (almost invariably) lack subject matter jurisdiction when the state court's judgment is the source of the injury of

which plaintiffs complain in federal court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291-92 (2005). Put simply, this Court is not the place for plaintiff to argue that the state court wrongly (or even corruptly) denied her request for a protective order. She may (subject to the applicable procedural rules) appeal to the appropriate state appellate court, if she seeks review. From there, she may continue to seek review from the Supreme Court of the United States. Regardless, she cannot come *here*.

Swain's claims against Tattnall County, or other unspecified county officials, are also dead on arrival. As the Eleventh Circuit has explained, a county is liable under § 1983 "only when the execution of a county policy or custom causes a constitutional violation." *Presnell v. Paulding County, Ga.*, 454 F. App'x 763, 768-69 (11th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). She does not allege any county policy or custom violated her rights. At most, she alleges that an individual (Weinstein) has coopted county officials. Finally, to the extent that she asserts any claim against the county under state law, it is immune from suit under the Georgia Constitution. *See id.* at 769 (citing *Gilbert v. Richardson*, 264 Ga. 744, 452 S.E.2d 476, 479 (1994)) ("The sovereign

immunity provided in the Georgia Constitution to the state or any of its departments or agencies also applies to Georgia's counties."). Accordingly, Swain has stated no claim against Tattnall County.

Judges, like Judge Stewart, are *absolutely immune* from civil liability for acts taken pursuant to their judicial authority,[1] *see, e.g., Forrester v. White*, 484 U.S. 219, 227-29 (1988), even when the judicial acts are done *maliciously* or *corruptly*. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (recognizing as a "well established" principle of law "of the highest importance" that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."); *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). To the extent that Swain seeks to sue Judge Stewart in his official capacity, her claim also founders on the Eleventh Amendment. *See Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996) (district court erred in awarding damages against state court judge "in his official capacity, given

---

[1] Swain's Complaint alleges that Judge Stewart "fraudulently dismissed" her suit for a protective order against Weinstein. Doc. 1 at 6. Such an allegation obviously involves a judicial act, and Judge Stewart is absolutely immune from any claim arising from it.

4

that such relief is barred by the Eleventh Amendment"). The question of liability in his *individual* capacity, however, is more complicated.

Judges' individual liability depends upon the application of a two-part test. *Simmons*, 86 F.3d at 1084. The first part of the test requires determination of "whether the judge dealt with the plaintiff in a judicial capacity." *Id*. If not, "then there is no immunity." *Id*. at 1085. "If the judge was dealing with the plaintiff in his judicial capacity, however, the second part of the test is whether the judge acted in the clear absence of all jurisdiction." *Id*. (quotes and cite omitted). Only judicial acts "in the clear absence of jurisdiction" can support a judge's individual liability. *Id*. The distinction between judicial acts "lacking jurisdiction," for which a judge might be individually liable, and those merely exceeding his jurisdiction, which will not, is often subtle.[2]

---

[2] In *Stump*, the Supreme Court illustrated the distinction by the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

435 U.S. at 356 n. 7 (citing *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)).

There is no question that Superior Court judges, like Judge Stewart, are judges of general jurisdiction. *See* O.C.G.A. § 15-6-8. Swain's (charitably) terse allegation that he "told the Tattnall County Clerk of Superios [sic] Court to 'lose' my motion to appeal" is insufficient to even imply an act "in the clear absence of all jurisdiction." It is not clear what her "motion to appeal" comprised and, thus, it is not clear whether the alleged interference could support Swain's claim. Applications for discretionary review, which might be described as "motions," are filed with the clerk of the respective appellate courts, not with the superior court's clerk. *See* O.C.G.A. § 5-6-35. If Swain were attempting to improperly file a document, a judge's recognition of that fact, mistaken or not, would not seem to be "in the clear absence of all jurisdiction." Notices of appeal are filed with the trial court, but they are not motions. *See* O.C.G.A. § 5-6-37. The Clerk's duty in filing notices of appeal is purely ministerial. *See, e.g., Hood v. State*, 282 Ga. 462, 464, 651 S.E.2d 88, 90 (2007). As such, it is possible that interference with that function *might* be an act "in the clear absence of all jurisdiction." In the absence of more detailed allegations, however, the claim is not adequately pled.

Swain's allegations against Sheriff Sapp also fail to state a § 1983 claim. The only allegations she makes about Sheriff Sapp is that he "refused" to take action when she reported Weinstein's "stalking," and that he "lied about all[ ] my police reports" in an otherwise unspecified context. *See* doc. 1 at 4. Neither of those allegations support a viable § 1983 claim. First, it is not clear how "lying," even in a court proceeding, could amount to the violation of a constitutional right necessary for such a claim.[3] *See, e.g., Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) ("violation of a constitutional right" is an essential element of a § 1983 claim).

To the extent that Swain claims that the Sheriff declined to initiate a criminal investigation or prosecution, this claim fails. As the Supreme Court has made clear, "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another [private citizen]." *Linda R.S. v. Richard D.*,

---

[3] To be sure, lying could be *involved* in a viable § 1983 claim. For example, a police officer lying about the commission of a criminal act might support an ersatz "malicious prosecution" claim. *See, e.g., Wood v.* Kessler, 323 F.3d 872, 881 (11th Cir. 2003) ("malicious prosecution" may be "a violation of the Fourth Amendment and a viable constitutional tort"). Given the brevity of Swain's allegations, however, neither the allegation of "lying" nor the discernable context of the alleged falsehood even suggest a constitutional violation.

410 U.S. 614, 619 (1973). Without such an interest, Swain lacks standing — and this Court lacks jurisdiction — over her claim. *See id.*; *see also, e.g., Inman v. State Bar of Georgia*, 2014 WL 3022553 at * 3 (M.D. Ga. July 3, 2014) (dismissing claims against a sheriff based on allegations of failure to criminally pursue a private individual and collecting cases). Accordingly, the claims against Sheriff Sapp fail.

Finally, Swain has failed to state any § 1983 claim against Harvey Weinstein. Generally, private parties do not act under color of state law; precluding § 1983 liability. Nevertheless, "[p]rivate persons, jointly engaged with state officials in the challenged action, are acting . . . 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27-8 (1980). Such joint actors remain liable notwithstanding any immunity enjoyed by the state officials. *Id.* at 28 ([T]he private parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that the judge himself is immune from damages liability.").

Swain's allegations wave in the direction of a joint-actor theory of liability against Weinstein. She alleges that Weinstein "stated he had the county sheriff under his 'control.'" Doc. 1 at 4. Despite that allegation,

however, she does not allege any express coordinated action, she merely alleges that Weinstein claimed influence and then various officials refused to act against him. *See generally id.* But indication and insinuation are not sufficient to state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-7 (2007) (explaining, in the context of an alleged anti-trust conspiracy, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice" to state a claim). Swain does not even *allege* conspiracy. Even taking her allegations as true (*i.e.*, that Weinstein claimed, in a conversation with her, that he exercised "control" over state officials, and then those officials followed a course of action that was *consistent with* his interests), Swain does not plausibly allege that these individuals conspired. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (quotes and cite omitted)). Thus, Swain's § 1983 claim against Weinstein should be dismissed.

In summary, Swain has failed to state a § 1983 claim against any defendant. Because plaintiff has not articulated any cognizable federal claim over which this Court may assert jurisdiction, any implicit state-law

tort claims can also be dismissed. *Bender*, 475 U.S. at 541; *Kokkonen*, 511 U.S. at 377. Her Complaint, therefore, might be dismissed in its entirety.

Despite the Complaint's inadequacy, to say nothing of the Court's scepticism of the facts it asserts, as a *pro se* plaintiff, Swain should be afforded *one* opportunity to cure the defects discussed above. *See, e.g., Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, and no undue prejudice could be shown); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (*pro se* litigants must generally be given an opportunity to amend their complaints). Swain is, therefore, **DIRECTED** to file an Amended Complaint within 14 days of the date of this Order. Any such amendment must plead sufficient facts to support at least one claim over which this Court has subject matter jurisdiction. **Failure to timely respond will be construed as plaintiff's voluntary dismissal of her claims.**

**SO ORDERED** this 20th day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA