# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| PAMELA SWAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV619-003 |
| | ) | |
| JUDGE JAY STEWART, SHERIFF | ) | |
| KYLE SAPP, TATNALL COUNTY | ) | |
| COMM'RS, HARVEY WEINSTEIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

The Court recently directed *pro se* plaintiff Pamela Swain to amend her Complaint to clarify and support her claims. *See* doc. 5. She has filed an Amended Complaint. Doc. 6. As the Court previously explained, where a *pro se* plaintiff is proceeding *in forma pauperis*, the Court must screen the allegations and dismiss the case before service if it determines that the allegation of poverty is untrue or that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* doc. 5 at 2 (citing 28 U.S.C. § 1915(e)(2)). The Court, therefore, will screen the claims asserted in the Amended Complaint.

Swain clearly expresses her intent to voluntarily dismiss all claims against "[Superior Court Judge] Jay Stewart, [Tattnall County Sheriff] Kyle Sapp, and [the] Tattnall County Commissioners." Doc. 6 at 1. In place of those claims, she "wish[es] to have criminal charges placed against the defendants, Harvey Weinstein and Tony Robbins[1] as per stated by law," and "restraining orders of both defendants as well as compensation of both to 10 million dollars each for specific attacks," as detailed in the Amended Complaint. *See* doc. 6 at 12. The claims against Stewart, Sapp, and the Tattnall County Commissioners, therefore, should be **DISMISSED**. The Court must now consider the viability of Swain's claims against the remaining defendants, Weinstein and Robbins.

First, Swain's request that the Court institute criminal proceedings fails to state a claim upon which relief can be granted. Private citizens are simply not permitted to initiate criminal actions in federal court. *See,*

---

[1] Swain's allegations are not sufficient to identify "Tony Robbins." Given the nature of those allegations, however, the Court assumes that she is alleging misconduct by "Anthony Jay Robbins (born Anthony J. Mahavoric; February 29, 1960)[, who] is an American author, philanthropist, and life coach[,] . . . known for his infomercials, seminars, and self-help books . . . ." *Tony Robbins*, WIKIPEDIA, https://en.wikipedia.org/wiki/Tony_Robbins (last edited June 2, 2019). Further information about Robbins, including an address where he might be served, should be included in any further amendment to the Complaint, as discussed below.

2

*e.g., Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution."). The Court also lacks the authority to order the United States Attorney to initiate a prosecution. *See Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379, (2nd Cir. 1973) ("federal courts have traditionally, and, to our knowledge, uniformly refrained from overturning, at the insistence of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding who a complaint of criminal conduct is made[,] . . . even in cases . . . where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system."). Any court order directing the initiation of a prosecution would violate the Constitution's separation of powers between the Executive and Judicial Branches. *See id.* at 379-80 (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not

3

there shall be a prosecution in a particular case."). Reports to the relevant law enforcement agencies are the exclusive recourse for private citizens to commence the operation of the criminal justice system.[2] To the extent she seeks to institute criminal proceedings against Weinstein and Robbins, by whatever means, her claims should be dismissed.

To the extent that Swain seeks civil relief (monetary damages and injunctive relief), the viability of her claims presents a more subtle

---

[2] Swain's Amended Complaint invokes the circuit judicial council's authority to "make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit," as supporting the Court's authority to initiate a criminal prosecution. *See* doc. 6 at 8 (quoting 28 U.S.C. § 332). Contrary to Swain's reading, however, that section does not confer plenary oversight authority over law enforcement activities on the council or the circuit's respective chief judges. As explained above, separation of powers concerns preclude court intervention into Executive Branch officials' exercise of prosecutorial discretion. To the extent that she suggests that this Court, as opposed to the circuit's judicial counsel, should intervene in state judicial proceedings, she is tilting at windmills. Neither this Court nor the Court of Appeals has any jurisdiction to review the decisions of state courts. Federal law vests appellate jurisdiction over state court decisions *exclusively* in the Supreme Court. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005) (explaining that 28 U.S.C. § 1257, "as long interpreted, vests authority to review a state court's judgment *solely* in [the Supreme] Court." (emphasis added) (cites omitted)). Any attempt to secure an order from this Court mandating state actors to bring a criminal prosecution would compound the separation-of-powers concerns with a clear violation of the Constitution's federal structure. *See, e.g., Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (explaining that the "longstanding public policy against federal court interference with state court proceedings," derives, in part, from "the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.").

question. The Court is skeptical of the accuracy of Swain's allegations. Further, in cases pursued *in forma pauperis*, the Court has the authority to "pierce the veil of the complaint's factual allegations," to a greater extent than is ordinarily permissible. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (explaining that § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."). Nevertheless, "an *in forma pauperis* complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely," as factual frivolity encompasses only "allegations that are 'fanciful,' [cit.], 'fantastic,' [cit.], and 'delusional,'" in other words, those allegations "that rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (cites omitted). The irrationality standard is inherently vague. The Supreme Court recognized "that the district courts, who are 'all too familiar' with factually frivolous claims, [cit.], are in the best position to determine which cases fall into this category." *Id.* at 33 (cite omitted). Swain's allegations strike the Court as "unlikely," to say the least, but, as the Supreme Court cautions, "to

dismiss [such claims] as frivolous, without any factual development is to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, Stranger than fiction.' Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977)." *Id*. Swain's allegations are not *wholly* incredible, even if they are incredible.

Even if not frivolous, Swain's claims are not sufficiently clear to enable any defendant to respond. First, the legal theory that she is pursuing is ambiguous, at best. Her original Complaint invoked 42 U.S.C. § 1983, but her Amended Complaint has withdrawn all her claims against any state actor. *Compare* doc. 1 at 3-4 (explaining that she was asserting a § 1983 claim for "failure to allow due process of issuing a protective order," and injuries arising out of a conspiracy between "state officials" and a private individual), *with* doc. 6 at 6-12 (invoking Georgia criminal statutes and opinions from federal law enforcement officials about internet-based harassment and stalking). The Amended Complaint thus suggests that her claim now is a state- or common-law tort claim against private individuals.

6

More significantly, the Amended Complaint does not allege sufficient facts to establish this Court's jurisdiction. Given the Amended Complaint's apparent voluntary dismissal of any § 1983 claim, the jurisdiction such a claim establishes evaporates. "Federal courts are courts of limited jurisdiction[, and t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the Supreme Court recently summarized:

> In 28 U.S.C. § 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'arise under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides a 'neutral forum' for parties from different States. *Exxon Mobil Corp.*[ *v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)].

*Home Depot USA, Inc. v. Jackson*, ___ U.S. ___, 2019 WL 2257158 at * 2 (U.S. May 28, 2019) (alterations omitted). Finally, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, [cit.], and the burden of establishing the contrary rests upon the party asserting jurisdiction,

[cit.]"; here, the plaintiff. *Kokkonen*, 511 U.S. at 377.

Given the allegations of the Amended Complaint, § 1983 does not provide a basis for federal question jurisdiction. If her claim is a more ordinary—as opposed to a constitutional—tort, this Court's jurisdiction depends upon the parties' diversity of citizenship and the amount in controversy. *See* 28 U.S.C. § 1332. Her original Complaint listed a business address for Weinstein in New York, *see* doc. 1 at 3. That allegation, along with her disclosure of her own address in Georgia, *might* imply that she and Weinstein are citizens of different states. Both versions of her Complaint are, however, silent on Robbins' citizenship. Further, there is no indication of the basis for her claimed damages; in her original Complaint, she states her damages as seven million dollars, *see* doc. 1 at 5, but her Amended Complaint states damages from (apparently) the same conduct as ten million dollars, from each defendant. Doc. 6 at 12. Given the jurisdictional implications of the parties' respective citizenships and the amount of damages sought, Swain must clarify. *See, e.g., Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2001) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise

and decide jurisdictional questions that the parties either overlook or elect not to press.").

Swain must address these ambiguities and omissions. This Court is simply not empowered to fill jurisdictional gaps in her pleadings or to cobble claims together from elements scattered across multiple amendments. *See Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants [where pleadings are liberally construed], this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (quotes and cite omitted)). Generally *pro se* parties are entitled to one opportunity to amend a deficient complaint before dismissal. The Court has already given Swain that opportunity. Nevertheless, it will give her *one* final opportunity to plead an actionable claim.

Within fourteen days of the date of this Order and Report and Recommendation, Swain must file a Second Amended Complaint or face a recommendation of full dismissal.[3] Swain is advised that her Second

---

[3] Swain's Second Amended Complaint must include a *coherent* "short and plain statement of the claim showing" that she is entitled to the relief sought. Fed. R. Civ.

9

Amended Complaint will supersede all previous complaints and therefore must be complete in itself.[4] Once she files a Second Amended Complaint, the original pleadings will no longer serve any function in this case.

In summary, defendants Stewart, Sapp, and the Tattnall County Commissioners should be **DISMISSED** from this action. To the extent that she seeks to initiate a criminal prosecution, her claim should also be **DISMISSED in part**. Swain must file her Second Amended Complaint within fourteen days of the date of this Order. Failure to timely comply will be construed as an abandonment of her claims. *See* Fed. R. Civ. P. 41(b) (authorizing district courts to dismiss an action for failure to obey a court order); L.R. 41.1(c) (authorizing district court to dismiss for lack of prosecution); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)

---

P. 8(a)(2). That means she must present the Court with the factual allegations that support her claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendant violated the law are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[4] *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

(courts have the inherent authority to dismiss claims for lack of prosecution); *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("[D]istrict court[s] possesses the inherent power to police [their] docket[s]" and to prune out those cases left to languish by their litigants).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

11

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED** this 4th day of June, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA