UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| PAMELA SWAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV619-003 |
| | ) |
| HARVEY WEINSTEIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, appearing *pro se* has submitted a complaint alleging cyberstalking and harassment. Doc. 1. As the Court granted plaintiffs' request to pursue this case *in forma pauperis* (IFP), doc. 3, it must now, again, screen the Complaint pursuant to 28 U.S.C. §1915(e).[1] As the pleadings fail to coherently identify the alleged claims and against whom they are respectively asserted, plaintiff is **DIRECTED** to file an amended complaint.

---

[1] Pursuant to 28 U.S.C. §1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

Two previous attempts have been made to screen this complaint. In the first instance, the Court found that the original complaint, which was brought against a Georgia county, a state judge, a county sheriff, and defendant Weinstein under 28 U.S.C. § 1983 should be dismissed as the defendants were either immune from civil suit or not liable under the statute. *See* doc. 5. As plaintiff was proceeding *pro se*, the Court granted an opportunity to amend. Doc. 5 at 10.

Plaintiff subsequently amended her complaint to drop all original defendants except Weinstein and attempted to add defendant Robbins. *See* doc. 6. She also detailed an alleged conspiracy of cyberstalking, harassment, and fraud spanning five years. *See id*. In screening the amended complaint, the Court dismissed plaintiff's requests to initiate criminal proceedings and, identifying jurisdictional deficiencies and ambiguities, granted a second opportunity to amend in order to clearly address the domicile and monetary requirements necessary for diversity jurisdiction. *See* doc. 7.

In response to the Court's report and recommendation (R&R), plaintiff has filed a second amended complaint and six additional amendments and supplements. *See* doc. 8; docs. 10–15. The pleadings

have evolved into a convoluted narrative involving a rotating cast of defendants and related parties, most of which have some degree of celebrity. Plaintiff's most recent complaint is as similar to the original filing as modern human is to Neanderthal—sharing a common kernel of identity but no longer being of the same species. Therefore, the Court must conduct its screening process anew.

## DISCUSSION

### I. Parties

Each new filing has brought a new roster of defendants. Of those named in the original complaint, only Weinstein remains. *See* doc. 6 (dismissing Judge Jay Stewart, Kyle Sapp, and Tattnall County Commissioners). Through the various complaints, amendments, and supplements, plaintiff makes allegations against no fewer than 18 individuals and organization. After sorting through the multiple rounds of additions, withdrawals, and references, the Court understands plaintiff to have advanced, and not subsequently withdrawn, claims against the following defendants: (1) Harvey Weinstein; (2) Tony Robbins;[2] (3) Dr.

---

[2] Plaintiff initially sought criminal prosecution against Robbins. Doc. 6 at 12. She subsequently dropped her request for criminal charges but suggested that civil relief was still sought. *See* doc. 8 at 1. All charges against Robbins were later dropped, doc.

Phil McGraw; (4) Donald Trump, Jr.; (5) "Lewis Brisbois;"[3] (6) Alan Dershowitz; (7) Hilary Clinton; (8) Juda Englemeyer; (9) the Weinstein Company; (10) Kiwi Farms/Cloudfare; (11) Windstream; and (12) GM Financials.  Claims have also been alleged against (1) Judge Jay Stewart; (2) Kyle Sapp; (3) Tattnall County Commissioners; (4) Kim Kardashian West; (5) Kris Jenner; and (6) Gerard Bulter, which the Court understands to have been voluntarily dismissed.

## II.   Jurisdiction

The Court must first consider the question of its jurisdiction.  It is a foundational principle that "[w]ithout jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Ex parte McCardle*, 74 U.S. 506, 514 (1868).  "It is the plaintiff's burden . . . to allege with sufficient particularity the facts creating jurisdiction," *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938), and the federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte*

---

12 at 11, only to be renewed, doc. 13 at 10.

[3] Plaintiff appears to have mistaken the abbreviated name of the law firm Lewis, Brisbois, Bisgaard, and Smith, L.L.P. for an individual.

whenever it may be lacking," *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). The original jurisdiction of the Court can manifest through either a federal question, 28 U.S.C. § 1331, or the diversity of the parties, 28 U.S.C. § 1441(b). If both are found lacking, the Court must dismiss the case. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.").

As previously observed by the Court, with the dismissal of all of the original defendants except Weinstein, 28 U.S.C. § 1983 can no longer provide a basis for federal question jurisdiction. *See* doc 7 at 8. Each of the other federal statutes that plaintiff points to in her pleadings are criminal or provide no private cause of action. *See United States v. Morrison*, 529 U.S. 598 (2000) (holding the civil remedy provision of the Violence Against Women Act unconstitutional); *Sneed v. Pan Am. Hosp.*, 370 Fed. App'x. 47, 50 (11th Cir. 2010) ("HIPAA contains no express provision creating a private cause of action."); *see also Cain v. Christine Valmy Int'l. Sch. Of Esthetics, Skin Care, and Makeup*, 216 F.Supp.3d 328, 334 (S.D.N.Y. 2016) (neither the Communications Decency Act, 47 U.S.C.

§ 223(a) nor the federal stalking statute, 18 U.S.C. § 2261A, provides a private right of cation). As plaintiff has asserted no federal statute in support of her civil claims, federal question jurisdiction is lacking.

In the absence of a federal question, the Court must consider whether it has jurisdiction based on the diversity of the parties. 28 U.S.C. § 1332. In order to establish diversity jurisdiction before the federal courts, a plaintiff must allege that all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Typically, the Court will accept a damage claim offered by a party in good faith. S*ee St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). Though the Court is skeptical that damages in this case are of the scale suggested, it accepts the allegation that damages might reasonably exceed the $75,000 minimum threshold, should an appropriate civil theory be advanced. *See id*. at 289 (When considering whether a purported damages amount is made in good faith, the Court must

determine to "legal certainty that the claim is really for less than the jurisdictional amount.").

Plaintiff has not, however, alleged the complete diversity of the remaining defendants. Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, inter alia, 28 U.S.C. § 1332). In her original complaint, plaintiff represents that she is a resident of Georgia. Doc. 1 at 2. She also provides a New York address for Weinstein.[4] Doc. 1 at 3. No place of citizenship or residency is provided for any of the other remaining defendants. As jurisdiction is a threshold issue, the Court will afford plaintiff one final opportunity to amend her complaint to clarify the state in which each defendant is domiciled.[5] *See, e.g., Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2001)

---

[4] The Court understands that Weinstein currently resides at the Wende Correctional Facility in New York.

[5] "[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (*en banc*)); see also Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016).

("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

### III. Shotgun Pleadings

Plaintiff's deluge of amendments amounts to a what is "often disparagingly referred to as [a] 'shotgun pleading[].'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *See id*. at 1321 & n.9 (collecting cases). The crux of the Court's admonishment of shotgun pleadings is that they fail to adhere to pleading requirements designed to ensure that a defending party is provided enough clarity to adequately respond. Specifically, rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 10(b) imposes the additional requirement that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote

> clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

> Shotgun pleadings typical present in four varieties:
>
> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate[e] into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim.

*Adams v. Huntsville Hosp.*, —Fed. App'x. —, 2020 WL3886440, at *2 (11th Cir. July 10, 2020) (citing *Weiland*, 792 F.3d at 1321–23). Plaintiff's complaint falls into each of the latter three categories. Though the pleadings do provide a general timeline of events, they fail to articulate what specific claims are being alleged, against whom each specific claim is made, and what factual allegations support each specific claim.

A well pleaded complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint need not contain detailed factual allegations, but it must provide enough support to "allow[

] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. As plaintiff might be able to more carefully and clearly craft her complaint, the Court will afford a final opportunity to amend in order to comply with the pleading standards of the Federal Rules of Civil Procedure.

## IV. Motion to Transfer

Included in plaintiff's most recent amendment is a request for "change of venue to The Northern District of Georgia." Doc. 15 at 6–7. The Court construes this as a motion to transfer. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As all parties have not consented to the transfer of this case, the Court must consider whether this matter might have originally been brought in the Northern District of Georgia. In the federal system, an action may be brought in a judicial district "in which a substantial part of the events or

omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiff has not alleged any events that occurred in the Northern District of Georgia. As such, it is not an appropriate venue for transfer.

Even if the Northern District might have been an appropriate jurisdiction in which to initially file this case, plaintiff has not met her burden of demonstrating why it would be a more convenient venue or why transfer is necessitated by the interests of justice. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient."). Plaintiff only alleges that she "has no confidence in the legal judgments of The Southern District of Georgia." Doc. 15 at 4. She has provided no explanation for this belief. As such her motion is **DENIED**.

## CONCLUSION

In summary, plaintiff is **DIRECTED** to, within 14 days of this Order, amend her complaint to clarify: (1) the identities of all defendants; (2) the state in which each defendant is domiciled; (3) the specific civil claims against each defendant; and (4) the facts supporting each claim. Any defendants not included in the amended complaint will be deemed by

the Court to have all claims against them voluntarily withdrawn. The amended complaint must conform to the pleading requirements of the Federal Rules of Civil Procedure.[6] Plaintiff is advised that her amended complaint will supersede her previous complaints, amendments, and supplements and, therefore, must be complete in itself. As plaintiff has had several opportunities to amend her Complaint, **NO FURTHER AMENDMENTS WILL BE PERMITTED, absent a showing of good cause**. Furthermore, plaintiff's motion to transfer this case to the Northern District of Georgia is **DENIED**. As the plaintiff, however, she is free to voluntarily withdraw this action and refile the case in another district that she believes to be more appropriate.

**SO ORDERED**, this 20th day of July, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] The Federal Rules of Civil Procedure are available for free online at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.