UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| PAMELA SWAIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV619-003 |
| | ) | |
| HARVEY WEINSTEIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Pamela Swain brought this complaint under various and often obscure legal theories. Doc. 1. The Court directed plaintiff to file an amended complaint clearly identifying the parties to this action and the specific allegations made against each defendant. *See* doc. 17. Plaintiff has filed an amended complaint. Doc. 20. For the following reasons, the Court recommends that this complaint be **DISMISSED**.

Plaintiff has filed nine amendments to her initial complaint, with each new filing contributing to an increasingly unnavigable morass of accusations and players. These amendments amounted to a shotgun

pleading, in which it was impossible to discern not only the alleged offenses, but also the active parties. In order to untangle the complaint and confirm its jurisdiction to proceed, the Court directed plaintiff to file an amended complaint clearly identifying (1) all defendants; (2) the state in which each defendant is domiciled; (3) the specific civil claims against each defendant; and (4) the facts supporting each claim. Doc. 17 at 11. Despite her affirmation that "[t]his amended complaint explains in detail what the defendants have done," plaintiff's recent amendment fails to comply with the Court's order. Doc. 20 at 5

Plaintiff has again filed a shotgun pleading, the first half of which being a verbatim adoption of prior filings. *Compare* doc. 20 at 1–4 *with* doc. 14 at 1–4. As noted previously, the Federal Rules of Civil Procedure require a complaint to be structured in numbered paragraphs, Fed. R. Civ. P. 10(b), and to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Plaintiff's amended complaint fails to satisfy either of these most basic requirements.

Furthermore, it remains riddled with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and "asserts multiple claims against multiple defendants without

specifying which defendant allegedly committed which claim." *Adams v. Huntsville Hosp.*, — Fed. App'x. —, 2020 WL3886440, at *2 (11th Cir. July 10, 2020) (citing Weiland, 792 F.3d at 1321–23).  For example, the updated section of the amended complaint states that Weinstein, the Weinstein Company, Trump, Robbins, Dershowitz, Fassbender and Vikander[1] engaged in sexual harassment and "browbeating her for sexual favors." Doc. 20 at 4.  She further accuses Dershowitz of having "no compunction to brag that he has authority over the plaintiff and the judge and the Southern District of Georgia" and Jenner of running a "hate thread" on the website Kiwi Farms.  *Id*. at 4–5.  She gives no indication as to how these alleged actions support a civil remedy or what particularized behavior is attributed to each defendant.

Similarly, plaintiff adds for the first time three school districts and three private companies because they were "contacted by previous defendants and slandered the plaintiff from either retaining the employment, or demanded they be allowed to 'watch' the defendant [plaintiff?], or demanded the defendant [plaintiff?] be fired for reasons of slander and harassment." *Id*. at 5.  Plaintiff provides no factual support

---

[1] Alicia Vikander is not included in the amended case caption.  Doc. 20 at 1.

for this vague accusation. In a subsequent paragraph, she does refer to Title VII of the Civil Rights Act 42 U.S.C. § 2000e, *et seq.*, regarding the "involvement of [her] employers" but gives no suggestion that she has suffered discrimination based on any of the classes protected by that Act. *Id*. at 6. As such, it is unclear what allegations are directed at each of these defendants, respectively.

The Amended Complaint further muddies the waters of plaintiff's accusations by attempting to join a third-party defendant whom the Court presumes to be plaintiff's relative. *Id*. at 5. Plaintiff alleges that "defendants exposed [the third-party's] private information and bragged 'We'll send fake buyers to her home and steal your panties.'" *Id*. The complaint does not specify which defendants are alleged to have posted the private information or made the threats. More detrimental to plaintiff's joinder effort is that the third-party did not sign the amended complaint, making it impossible for the Court to discern whether she consents to being involved in this litigation. Fed R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.") Appearing *pro se,* plaintiff cannot act on this

individual's behalf. *See FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) ("The right to appear *pro se* . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others.") (quoting 28 U.S.C. § 165). If the third-party wishes to assert an interest in this case, she must do so in her own capacity. As such, the request is a nullity and the third-party individual is not added at this time.[2]

In addition to the continuing unintelligibility of the claims asserted, the amended complaint also fails to address the Court's clear directive to provide information relating to the place of domicile for each defendant. As plaintiff has not complied with the Court's order, this complaint should be **DISMISSED**. Fed. R. Civ. P. 41(b) (permitting dismissal of a complaint for failure to comply with a Court order).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

---

[2] Since the third-party is not a plaintiff in this case, no determination of the Court with regard to this complaint will restrict or limit her ability to pursue a civil action on her own behalf.

parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 3rd day of August, 2020.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA